**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10237 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-50233-DCB |
| v. | |
| JORGE GARCIA-PANTOJA, a.k.a. Jorge Garcia-Pantoia, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Fred L. Van Sickle, District Judge, Presiding[**]

Submitted January 21, 2014[***]

Before:    CANBY, SILVERMAN, and PAEZ, Circuit Judges.

Jorge Garcia-Pantoja appeals from the district court's judgment and

challenges the 12-month sentence imposed upon revocation of supervised release.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Fred L. Van Sickle, Senior United States District Judge for the Eastern District of Washington, sitting by designation.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Garcia-Pantoja contends that the district court erred by ordering his revocation sentence to run consecutively to his sentence for illegal reentry. He argues that U.S.S.G. § 5D1.1(c) creates a presumption that the court impose a concurrent sentence when a deportable alien is sentenced for violating supervised release. We disagree. Section 5D1.1(c) concerns the imposition of a term of supervised release, not the sentence to be imposed upon revocation. *See* U.S.S.G. § 5D1.1(c) (2011). Contrary to Garcia-Pantoja's argument, the Guidelines recommend that the court impose a consecutive sentence for a supervised release violation. *See* U.S.S.G. § 7B1.3(f).

Garcia-Pantoja next contends that his sentence is substantively unreasonable because it creates unwarranted sentencing disparities. Contrary to his claim, Garcia-Pantoja is not similarly situated to defendants who are not serving terms of supervised release. The district court did not abuse its discretion in imposing Garcia-Pantoja's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). In light of the totality of the circumstances and the 18 U.S.C. § 3583(e) sentencing factors, the consecutive sentence is substantively reasonable. *See id*.

**AFFIRMED.**

13-10237